**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KIRA LYNN DODSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-918-L** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the court is Kira Lynn Dodson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed March 27, 2012. The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on November 18, 2013, recommending that the petition be denied. Petitioner filed five objections on November 22, 2013.

Petitioner was charged with capital murder by a Dallas County grand jury.[1] She was found guilty at trial and was sentenced to life imprisonment. Her conviction was affirmed on direct appeal, and her application for state post-conviction relief was denied without written order on the findings of the trial court. After the application for state post-conviction relief was denied, Petitioner filed this action. Petitioner argues that she received ineffective assistance of trial counsel based on the following grounds: her attorney (1) failed to file a motion in limine to prohibit testimony regarding polygraph examinations or timely object to testimony to that effect; (2) failed to file a motion in

[1] The capital murder for which she was convicted involved the suffocation of her daughter, K.V.

limine regarding the prosecutor's allegedly improper framing of objections or objecting to that effect; (3) elicited a witness's opinion that Petitioner committed murder; (4) failed to file a motion in limine to prohibit testimony that Petitioner wanted to start a family with an inmate and failed to secure a ruling on the objection to such testimony; (5) failed to file a motion in limine to prohibit testimony regarding Petitioner's work as a topless dancer or timely object to testimony to that effect; and (6) failed to prevent expert medical testimony that the emergency room doctor who examined Petitioner's child two weeks before her death neglected to order tests to rule out certain medical conditions.

Petitioner first objects to the magistrate judge's findings regarding the motion in limine and objections related to the polygraph examination testimony. Petitioner argues that it is "counter-intuitive to conclude that it is unnecessary to file a motion in limine to exclude clearly inadmissible testimony." Pet'r's Objections 2. Petitioner also contends that the magistrate judge "failed to consider that, had either or both witnesses violated the limine order, and the trial court denied a mistrial, it is more likely that an appellate court would have reversed the conviction." *Id*. at 4. The remaining content of Petitioner's objection is argumentative and does not provide the court with grounds for sustaining the objection. The court agrees with the magistrate judge that, at a minimum, fairminded jurists could disagree on the correctness of the state court's decision, and the objection is **overruled**.

Second, Petitioner objects to the magistrate judge's analysis of how her attorney performed in allegedly eliciting the opinion of assistant county attorney Jessica Edwards that she was guilty. Petitioner argues that "the magistrate judge adopted without critical analysis the state court's finding

with regard to the latter reason."[2] *Id*. at 4. Petitioner argues that her counsel elicited the testimony that Edwards formed the opinion that she was guilty before she confessed to the police and that the "magistrate judge ignored this fact, which undermines the credibility of counsel's explanation for eliciting the testimony." *Id*. at 5. Petitioner's objection is conclusory and does not provide the court with grounds for sustaining it. The court agrees with the magistrate judge that Petitioner has not shown that the state court's resolution of this ineffective assistance claim was either factually or legally unreasonable under the standard applied to *Strickland* claims, and the objection is **overruled**.

Third, Petitioner objects to the magistrate judge's analysis of her counsel's failure to file a motion in limine to exclude testimony that she sent a letter to an inmate implying that she wanted to start a family with him and of her counsel's failure to obtain a ruling on his objection. Petitioner argues that "the magistrate judge adopted without critical analysis the state court's findings" and that "both the state court and the magistrate judge failed to consider the final arguments of counsel in determining prejudice." *Id*. at 5-6. According to Petitioner, the prosecutor argued that this letter showed that children are "disposable" to her, that she has no intent to stop, that she wrote that letter to the inmate because she wanted to have his child, and that the jury had a responsibility to prevent this from happening. *Id*. at 6. Petitioner also contends that the magistrate judge "erred in summarily concluding that there was no prejudice without considering the emphasis placed on this inadmissible evidence during summation." *Id*. at 6. Petitioner's objection is again conclusory and argumentative. The court agrees with the magistrate judge that Petitioner has not shown that the state court's

---

[2] In Petitioner's objections, she states that the state court "found that Edwards' opinion was inadmissible but that counsel acted reasonably in eliciting it to show her bias and that she came forward only after learning that petitioner had confessed." Pet'r's Objections 4.

decision was an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented, and the objection is **overruled**.

Fourth, Petitioner objects to the magistrate judge's analysis of whether her attorney was deficient in his failure to present expert medical testimony that the emergency room physician who examined her daughter two weeks before she died failed to order tests to rule out life-threatening medical conditions. The court agrees with the magistrate judge that it is too speculative to suggest that the jury would have had reasonable doubt about Petitioner's guilt if they heard from an unnamed witness about the doctor's competence in failing to rule out alternative causes of the earlier medical issues. The objection is therefore **overruled**.

Finally, Petitioner objects to the "magistrate judge's decision to uphold the state court's prejudice analysis based on Fifth Circuit case law regarding the doctrine of cumulative error on direct appeal." *Id.* at 8. Petitioner argues that neither the state court nor the magistrate judge considered the cumulative effect of her counsel's deficiencies in performance on the outcome of her trial. Petitioner's objection is again argumentative and conclusory. The court agrees with the magistrate judge's analysis of *White v. Thaler*, 610 F.3d 912 (5th Cir. 2010), and also agrees that cumulative error is an independent claim when the individual errors involved matters of constitutional dimension that, when taken together, infect the entire trial such that the resulting conviction violates due process. The court agrees with the magistrate judge that Petitioner has not shown that the alleged errors, as a whole, cast doubt upon the reasonableness of the state court's determination, and the court **overrules** the objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 7th day of January, 2014.

Sam A. Lindsay
United States District Judge